IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BIOGEN INC., BIOGEN INTERNATIONAL GMBH, and ALKERMES PHARMA IRELAND LIMITED,<br><br>  Plaintiffs,<br><br>v.<br><br>ZYDUS WORLDWIDE DMCC, ZYDUS PHARMACEUTICALS (USA) INC., and ZYDUS LIFESCIENCES LIMITED,<br><br>  Defendants. | Civil Action No. 23-732 (GBW) |

## MEMORANDUM ORDER

"This is a patent infringement case . . . brought by Plaintiffs Biogen Inc. ('Biogen Inc.'), Biogen International GmbH ('BIG') (together 'Biogen'), and Alkermes Pharma Ireland Limited ('Alkermes Pharma') (collectively, 'Plaintiffs') against Defendants Zydus Worldwide DMCC ('Zydus Worldwide'), Zydus Pharmaceuticals (USA) Inc. ('Zydus USA'), and Zydus Lifesciences Limited ('Zydus Lifesciences') (collectively, 'Zydus' or 'Defendants')." D.I. 90 ¶ 1.[1]

Pending before the Court is Plaintiffs' Motion *in Limine* to Preclude Defendants from Offering Undisclosed Expert Opinions of Dr. Craig Lindsley (ECF No. 90-1 at PageID 960) ("Plaintiffs' Motion"), which has been fully briefed (*id.* at PageID 960-963, 1418-1421, 1424-1425). For the following reasons, the Court does not grant Plaintiffs' Motion.

---

[1] In July 2025, the Court granted the parties' stipulation to substitute BIG for Biogen Swiss Manufacturing GmbH ("BSM"). *See* D.I. 88.

I.  **LEGAL STANDARDS**

"A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules."[2] "The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial."[3]

"A motion *in limine* is a vehicle to exclude inadmissible or prejudicial evidence before it is offered at trial."[4] "A motion *in limine* is designed to 'narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions.'"[5] "A motion in limine is appropriate for 'evidentiary submissions that clearly ought not be presented . . . because they clearly would be inadmissible for any purpose.'"[6]

Although "[m]any motions *in limine* do require the court's disposition pretrial," *United States v. Adams*, 36 F.4th 137, 150 (3d Cir. 2022), "motions *in limine* often present issues for

---

[2] *Toledo Mack Sales & Serv., Inc. v. Mack Trucks, Inc.*, 386 F. App'x 214, 218 (3d Cir. 2010) (nonprecedential) (quoting *United States v. Abel*, 469 U.S. 45, 54 (1984)).

[3] *DNOW, L.P. v. Schramm, Inc.*, No. CV 17-1575, 2019 WL 13229219, at *1 (D. Del. May 17, 2019) (quoting *Ridolfi v. State Farm Mut. Auto. Ins. Co.*, No. CV 15-859, 2017 WL 3198006, at *2 (M.D. Pa. July 27, 2017)).

[4] *Novartis AG v. Actavis Elizabeth LLC*, No. CV 14-1487-LPS, 2017 WL 1398347, at *2 (D. Del. Apr. 17, 2017); *see Chervon (HK) Ltd. v. One World Techs., Inc.*, No. CV 19-1293-GBW, D.I. 521 at 2 (D. Del. Feb. 5, 2025).

[5] *Chervon*, No. CV 19-1293-GBW, D.I. 521 at 2 (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)); *see* Fed. Judicial Ctr., *Patent Case Management Judicial Guide* § 7.5 (3d ed. 2016) ("Motions *in limine* provide the court with an opportunity to establish procedures and substantive limitations that will streamline the evidence, shorten the trial, and reduce jury confusion.").

[6] *Chervon*, No. CV 19-1293-GBW, D.I. 521 at 2 (alterations in original) (quoting *Evolved Wireless, LLC v. Apple Inc.*, No. CV 15-542-JFB-SRF, 2019 WL 1100471, at *1 (D. Del. Mar. 7, 2019)); *see Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013) ("Evidence should not be excluded pursuant to a motion in limine, unless it is clearly inadmissible on all potential grounds.").

which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pac. Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, "[a] trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context."[7]

"Trial courts [are] [often] more reluctant to exclude evidence in a bench trial than a jury trial." *Wright v. Elton Corp.*, No. CV 17-286-JFB, 2022 WL 1091280, at *1 (D. Del. Apr. 12, 2022). "Courts have often denied motions in limine in bench trials because the rationale underlying motions in limine does not apply [equally] in bench trials."[8] "While some courts do find that such motions are unnecessary in a bench trial, it is far from universal that motions in limine should not be decided prior to a bench trial."[9]

---

[7] *DNOW*, 2019 WL 13229219, at *1 (quoting *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017)).

[8] *Zanghi v. Freightcar Am., Inc.*, No. 3:13-146, 2015 U.S. Dist. LEXIS 196744, at *3 (W.D. Pa. July 31, 2015); *see, e.g., Shaw v. CitiMortgage, Inc.*, No. 3:13-CV-0445-LRH-VPC, 2016 U.S. Dist. LEXIS 55411, at *6-7 (D. Nev. Apr. 26, 2016) ("As a preliminary matter, the Court notes that trial in this case will be a bench trial. Because of this, the Court will be in a better position to rule upon challenges to witnesses and evidence during the course of trial when there will be more context and a fuller understanding of the issues and evidence in the case. . . . The rationale underlying pre-trial motions in limine does not apply in a bench trial, where it is presumed the judge will disregard inadmissible evidence and rely only upon competent evidence. . . . The more prudent course in a bench trial, therefore, is to resolve evidentiary doubts in favor of admissibility."); *Genosource, LLC v. SECURA Ins.*, No. 21-CV-86 CJW-KEM, 2023 WL 4700657, at *4 (N.D. Iowa Mar. 13, 2023) ("[M]otions in limine are ill-advised in the context of a bench trial."); *Garcia v. United States*, No. CV H-23-0038, 2024 WL 4438773, at *6 (S.D. Tex. Oct. 7, 2024) ("In a bench trial, [motions in limine] are unnecessary, as the Court can and does readily exclude from its consideration inappropriate evidence of whatever ilk.") (alteration in original) (quoting *Cramer v. Sabine Transportation Co.*, 141 F. Supp. 2d 727, 733 (S.D. Tex. 2001)).

[9] *Bd. of California Winery Workers' Pension Tr. Fund v. Vineyards*, No. CV 1:17-CV-00364-SAB, 2018 WL 4242068, at *2 (E.D. Cal. Sept. 6, 2018); *see, e.g., Acadia Pharms. Inc. v. Aurobindo Pharma Ltd.*, No. 22-CV-1387-GBW, D.I. 125 at 20-22 (D. Del. Nov. 25, 2024) (granting motion *in limine* before bench trial); *AstraZeneca AB v. Zydus Pharms. (USA) Inc.*, No. CV 18-664-RGA, D.I. 137 at 2-3 (D. Del. May. 6, 2021) (granting in part motion *in limine* before bench trial); *UCB, Inc. v. Watson Lab'ys, Inc.*, No. CV 14-1083-LPS-SRF, 2017 WL 11646645,

## II. DISCUSSION

As explained below, at this stage, the Court does not grant Plaintiffs' Motion.

### A. The Court Defers Ruling on Plaintiffs' Motion

In their Motion, Plaintiffs assert that "Zydus's medicinal chemistry expert, Dr. Craig Lindsley, should be precluded from offering opinions at trial that go beyond the . . . opinions in his reports." ECF No. 90-1 at PageID 961; *see id.* ("The Court should [] limit Dr. Lindsley's testimony to only the opinions in his reports."). This is necessary, according to Plaintiffs, because "the only reasonable inference is that Zydus and Dr. Lindsley intend to surprise Plaintiffs with new, undisclosed opinions at trial." *Id.* at PageID 963. As explained below, Defendants disagree.

Defendants respond that "Plaintiffs' motion *in limine* regarding Dr. Craig Lindsley presents a textbook case of a litigant filing a motion about issues that do not, and may never, exist." *Id.* at PageID 1419. This is so, according to Defendants, because "Zydus has never informed Plaintiffs that it intends for its experts to offer opinions that were not previously disclosed, and Zydus expects Plaintiffs' experts will hew to this same basic rule as set forth in the Federal Rules of Civil Procedure and Evidence." *Id.*; *see id.* at PageID 1421 ("Because Plaintiffs have failed to point to specific testimony to preclude and there appears to be no controversy between the parties, Plaintiffs' complaints are not ripe, and the Court need not waste time trying to identify what mysterious additional 'new' opinions Zydus's experts allegedly could possess and may offer at trial.").

"Federal Rule of Civil Procedure 26(a)(2)(B) requires expert witnesses to provide a written report containing 'a complete statement of all opinions the witness will express . . . .'" *Prolitec*

---

at *22 n.4 (D. Del. Nov. 14, 2017) (noting the Court granted motion *in limine* before bench trial), *aff'd*, 927 F.3d 1272 (Fed. Cir. 2019).

*Inc. v. ScentAir Techs., LLC*, No. CV 20-984-WCB, D.I. 423 at 4 (D. Del. Mar. 28, 2025) (alteration in original) (quoting Fed. R. Civ. P. 26). "Federal Rule of Civil Procedure 37(c)(1) provides, 'If a party fails to provide information ... as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *3G Licensing, S.A. v. HTC Corp.*, No. 17-CV-83-GBW, 2023 WL 6442140, at *1 (D. Del. Oct. 3, 2023) (alterations in original) (quoting Fed. R. Civ. P. 37); *see Trudell Med. Int'l Inc. v. D R Burton Healthcare, LLC*, 127 F.4th 1340, 1347 (Fed. Cir. 2025).

In this instance, considering the scope of Plaintiffs' challenge, and given that Dr. Lindsley will be testifying live at a timed bench trial,[10] the Court defers ruling on Plaintiffs' Motion. *See, e.g., DNOW*, 2019 WL 13229219, at *1 ("A trial court considering a motion *in limine* may reserve judgment until trial in order to place the motion in the appropriate factual context.") (quoting *Tartaglione*, 228 F. Supp. 3d at 406); *Shaw*, 2016 U.S. Dist. LEXIS 55411, at *6-7 ("As a preliminary matter, the Court notes that trial in this case will be a bench trial. Because of this, the Court will be in a better position to rule upon challenges to witnesses and evidence during the course of trial when there will be more context and a fuller understanding of the issues and evidence in the case. . . . The rationale underlying pre-trial motions in limine does not apply in a bench trial, where it is presumed the judge will disregard inadmissible evidence and rely only upon competent evidence. . . . The more prudent course in a bench trial, therefore, is to resolve evidentiary doubts in favor of admissibility."); *Prolitec*, No. CV 20-984-WCB, D.I. 423 at 5 ("[I]t appears that Prolitec is correct that the portions of Mr. Dezmelyk's deposition testimony at issue are elaborations that go beyond the scope of his report. That said, Mr. Dezmelyk will be testifying

---

[10] *See* D.I. 90 ¶ 85; D.I. 90-1 at PageID 933 (Part I.A).

live at trial, so whether his deposition testimony was new is largely irrelevant; the question is whether his trial testimony will be consistent with his expert report. That is a question that cannot be resolved at this time, but ScentAir is reminded that any opinion expressed by Mr. Dezmelyk at trial must be contained in his report.") (citations omitted).

Thus, to the extent it is necessary, the Court will make a later determination, in context during the bench trial, on the substance of Plaintiffs' Motion. Zydus is reminded that any opinion expressed by Dr. Lindsley at trial must be contained in his reports.

### III. CONCLUSION

For the foregoing reasons, the Court does not grant Plaintiffs' Motion.[11]

\* \* \*

WHEREFORE, at Wilmington this 21st day of July 2025, **IT IS HEREBY ORDERED** that Plaintiffs' Motion *in Limine* to Preclude Defendants from Offering Undisclosed Expert Opinions of Dr. Craig Lindsley (ECF No. 90-1 at PageID 960) is **DEFERRED**.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[11] The Court's "[r]uling[] on [the] motion[] *in limine* [is] by definition preliminary and [is] subject to change as the case unfolds." *Ultra-Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1359 (Fed. Cir. 2003). "At trial, the parties shall make timely objections as necessary and in accordance with Judge Williams' Trial Procedures, and at that time, the Court will determine whether to overrule or sustain the objection[s]." *Chervon*, No. CV 19-1293-GBW, D.I. 521 at 27-28 (quotation marks omitted). The failure to do so may have consequences. *See United States v. Jones*, 566 F.3d 353, 362 (3d Cir. 2009) ("Where a court defers its decision on a motion *in limine* and the defendant fails to renew his objection during trial, the review is for plain error."); *Walden*, 126 F.3d at 518 ("If the district court makes only a tentative ruling on a motion *in limine* an objection or offer of proof at trial is not unnecessary or 'formal.'").